**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lavon T. HANSON, Defendant–Appellant.**

No. 92–30093.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 1993 *.

Memorandum Filed May 14, 1993.

Decided Aug. 13, 1993.

---

\* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Lavon T. Hanson, pro se.

Klaus P. Richter, Asst. U.S. Atty., Billings, MT, for plaintiff-appellee.

** The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation.

Before: CANBY and REINHARDT, Circuit Judges, and TASHIMA, District Judge.**

## ORDER

The Memorandum disposition filed May 14, 1993, is redesignated as an authored opinion by Judge Tashima.

## OPINION

TASHIMA, District Judge:

Defendant–Appellant Lavon T. Hanson appeals his conviction for making false statements in violation of 26 U.S.C. § 7206(1), and attempting to interfere with the administration of the Internal Revenue Service ("IRS") in violation of 26 U.S.C. § 7212(a). As grounds for his appeal, Hanson argues that (1) the district court lacked subject matter jurisdiction; (2) the evidence presented at trial was insufficient to support the convictions; (3) the district court applied the wrong Sentencing Guideline; and (4) the district judge was biased and prejudiced against him. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction and reverse the sentence.

### I.

The charges stem from Hanson's filing false IRS forms that reported payments Hanson had never made and claimed a tax refund Hanson was not due. Hanson filed, for the year 1989, forms 1096 and 1099 information returns stating that he had received $46,996,669.41 in non-employee compensation from three Farmers Home Administration ("FHA") employees. Since he had intended to report having paid that amount to the FHA employees rather than having received it, he later filed a corrected form 1096 stating that he had not received any payment. He subsequently filed a third set of 1096 and

1099 forms declaring that he had paid the three FHA officials $46,996,669.41. Hanson reported payments of $31,331,112.94 to two other FHA employees on forms 1096 and 1099 for 1990. None of the purported payments was ever made.

Hanson also filed a 1989 Form 1040 tax return falsely claiming a refund of $33,837,-602 generated by income and withholdings of $46,996,669.44. He was neither paid nor owed the reported amounts.

Hanson was charged with four counts of making false statements and one count of attempting to interfere with the administration of the IRS. At trial, Hanson represented himself. The jury convicted him on all five counts. He was sentenced to 12 months in prison with one year of supervised release.

## II.

■ Hanson challenges the district court's exercise of jurisdiction over him on the ground he is a nonresident alien exempt from the tax laws. We review a question of jurisdiction *de novo. United States v. Endicott,* 803 F.2d 506, 514 (9th Cir.1986).

■ It is firmly established that district courts have subject matter jurisdiction over prosecutions for violations of the tax laws. "Under 18 U.S.C. § 3231, federal district courts have exclusive original jurisdiction over 'all offenses against the laws of the United States.' These offenses include crimes defined in Title 26 of United States Code." *United States v. Studley,* 783 F.2d 934 (9th Cir.1986) (citation omitted).

Hanson claims that as a natural born citizen of Montana he is a nonresident alien and, thus, is not a "taxpayer" as defined in the tax code. Accordingly, he contends that he is not subject to the tax laws. In *Studley,* we rejected a similar argument as "utterly meritless," holding that "[a]n individual is a 'person' under the Internal Revenue Code and thus subject to [Title 26]." *Id.* at 937 & n. 3. Thus, Hanson is subject to the provisions of the tax code and the district court's exercise of jurisdiction was proper.

## III.

Hanson contends the evidence was insufficient to support his convictions. In reviewing this claim, we consider the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *United States v. Adler,* 879 F.2d 491, 495 (9th Cir. 1988).

■ The government correctly notes that Hanson failed to preserve this issue on appeal because he did not move for a judgment of acquittal at trial. *United States v. Smith,* 924 F.2d 889, 893 (9th Cir.1991). This court may review the sufficiency of the evidence only to prevent a "manifest miscarriage of justice." *Id.* (citation omitted). Nevertheless, even if Hanson had preserved the issue, we find the evidence was sufficient to support the convictions under both 26 U.S.C. §§ 7206(1) and 7212(a).

### A. *26 U.S.C. § 7206(1)*

■ To prove a violation of § 7206(1), making false statements, the government must prove that the defendant (1) filed a return, statement, or other document that was false as to a material matter; (2) signed the return, statement or other document under penalty of perjury; (3) did not believe the return, statement or other document was true as to every material matter; and (4) willfully subscribed to the false return with the specific intent to violate the law. *United States v. Bishop,* 412 U.S. 346, 350, 93 S.Ct. 2008, 2012, 36 L.Ed.2d 941 (1973); *United States v. Marabelles,* 724 F.2d 1374, 1380 (9th Cir.1984).

At trial, Hanson admitted to signing the false returns under penalty of perjury. He conceded that the amounts he reported on his 1989 1040 form were incorrect. With respect to the falsity of the forms 1096 and 1099, the five FHA officials Hanson reported having made payments to testified that they never received the purported payments. Payment amounts reported on forms 1096 and 1099 and refund amounts claimed on a tax return are clearly material. Thus, the

evidence supported the first two elements of the false statements offense.

 Hanson's assertion that the 1040 form and the 1096 and 1099 forms were not "filed" because they were never fully processed by the IRS is meritless. Evidence was presented that Hanson personally mailed the forms and that the IRS received them. A return is "filed" at the time it is delivered to the IRS. *Emmons v. Commissioner,* 898 F.2d 50, 51 (5th Cir.1990); *First Charter Fin. Corp. v. United States,* 669 F.2d 1342, 1345–46 (9th Cir.1982).[1]

 Hanson contends that the government failed to prove that he knew the returns were not true as to every material matter and that he willfully intended to violate the law. However, Hanson's own testimony supported a finding that these elements of the offense were satisfied. First, Hanson admitted that his filing of false returns was motivated by his belief that the FHA officials were double agents for the United States and the United Nations and were being used to overthrow the United States government. He hoped filing the false forms "would bring forth an investigation. The government itself would be forced to come in and investigate, and all of these claims then would have to be brought forward and we could stop this overthrow ..." Second, Hanson testified that he arrived at the payment amounts he reported by adding together the fines specified in Title 18 for the offenses he believed the FHA officials had committed. A rational juror could have inferred from this testimony that Hanson did not believe the payment amounts he reported were true and that he intended to initiate an IRS investigation of the FHA officials.

 Hanson further contends that his subjective good faith belief that as a nonresident alien he was exempt from the tax laws precludes a finding that he intended to violate the law. He relies on *Cheek v. United States,* 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), for the proposition that a

good faith misunderstanding of the law or a good faith belief that one is not violating the law negates willfulness, regardless of whether the claimed belief is objectively reasonable. However, Hanson's actions in filing false tax documents as a form of harassment are not excused by a belief that he was not subject to tax himself. In addition, his testimony was such that the jury could properly find that his actions were the result of his disagreement with the tax laws, or his belief in their invalidity, rather than his good faith belief that those laws did not apply to him. *Cheek* makes clear that a defendant's views as to the unconstitutionality or invalidity of the tax laws is irrelevant to the issue of willfulness. The jury was properly instructed according to *Cheek,* and the evidence was sufficient to permit it to find that Hanson had the necessary guilty intent.

The evidence adduced at trial, viewed in the light most favorable to the government, supported a finding beyond a reasonable doubt that Hanson willfully filed returns he knew were materially false with the intent to violate the law. Accordingly, we affirm Hanson's conviction under § 7206(1).

### B. *26 U.S.C. § 7212(a)*

 To prove a violation of § 7212(a), attempting to interfere with the administration of the IRS, the government must prove (1) corruption, force, or threat of force, and (2) an attempt to obstruct the administration of the IRS. The evidence presented at trial clearly supports the second element of the offense. The government offered testimony that the IRS expended a large amount of time discovering and remedying the problems caused by Hanson's filing false forms.

 With respect to the first element of the offense, the government charged Hanson with "corruptly" attempting to interfere with the administration of the IRS. An act is "corrupt" within the meaning of section 7212(a) if it is performed with the intention to secure an unlawful benefit for oneself or for another. *United States v. Reeves,* 752

---

1. Similarly unpersuasive is Hanson's claim that his filing of corrected forms to "zero out" the previously submitted false forms cancelled out any potential harm. Hanson's later filing of corrected forms is immaterial. "The fact that a

fraudulent filer subsequently submits an amended return does not make the case any less one of a false or fraudulent return." *Badaracco v. Commissioner of IRS,* 464 U.S. 386, 104 S.Ct. 756, 78 L.Ed.2d 549 (1984).

F.2d 995, 998–99 (5th Cir.), *cert. denied,* 474 U.S. 834, 106 S.Ct. 107, 88 L.Ed.2d 87 (1985); *United States v. Popkin,* 943 F.2d 1535 (11th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1760, 118 L.Ed.2d 423 (1992); *United States v. Yagow,* 953 F.2d 423 (8th Cir.1992). Mere evidence of an improper motive or bad or evil purpose is insufficient to prove corruption.

■ In *United States v. Kuball,* 976 F.2d 529 (9th Cir.1992), we affirmed a conviction under § 7212(a), where the defendant's conduct was factually very similar to Hanson's. As in the instant case, the defendant had filed false 1096 and 1099 forms claiming substantial payments to individuals and had filed a false 1040 form claiming a refund that was not due. We found the evidence was sufficient to support the conviction because the defendant had testified that he intended for his conduct to have an effect on the individuals he claimed having made payments to and because by filing the false 1040 form the defendant had "hoped to benefit financially by obtaining a substantial tax refund." *Id.* at 531.

Similarly, in the instant case, Hanson's 1989 tax return falsely claimed a refund of $33,837,602. This attempt to secure an unlawful benefit for himself satisfies the corruption requirement. Moreover, Hanson testified that he intended for his conduct to spark an IRS investigation of the FHA officials. "Section 7212(a) is aimed at prohibiting efforts to impede 'the collection of one's taxes, the taxes of another, or the auditing of one's or another's tax records.'" *Id.* (*quoting Reeves,* 752 F.2d at 998). Considering the evidence in the light most favorable to the government, we conclude that the jury could reasonably have found that Hanson's conduct violated § 7212(a).

### IV.

■ Hanson further contends that the district court erred in applying United States Sentencing Guideline ("U.S.S.G.") § 2T1.9, Conspiracy to Impair, Impede or Defeat Tax, as the applicable guideline for his conviction of attempting to interfere with the administration of the IRS in violation of 26 U.S.C. § 7212(a). Hanson argues that the application of this guideline was improper because the government neither charged him with involvement in a conspiracy nor presented evidence of any such participation.

The statutory index to the Sentencing Guidelines, U.S.S.G. Appendix A, specifies that § 2A2.2, Aggravated Assault, and § 2A2.3, Minor Assault, are the guidelines ordinarily applied to a violation of 26 U.S.C. § 7212(a). However, the introduction to the statutory index instructs that:

> If, in an atypical case, the guideline section indicated for the statute of conviction is inappropriate because of the particular conduct involved, use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted.

U.S.S.G. App. A.

In the instant case, Hanson was convicted of corruptly endeavoring to impair or impede the administration of the tax laws by filing a false return seeking a refund and filing various false 1096 and 1099 forms. No evidence suggests that Hanson ever assaulted anyone in attempting to defraud the IRS. Accordingly, the district court correctly determined that the assault guidelines specified in the index were inapplicable to the instant case. *United States v. Shriver,* 967 F.2d 572, 574 (11th Cir.1992) (upholding district court's decision not to apply assault guideline to conviction under 26 U.S.C. § 7212(a) where no evidence of assault).

We disagree, however, with the district court's finding that § 2T1.9, Conspiracy to Impair, Impede or Defeat Tax, is the guideline most analogous to Hanson's conduct. Whether a particular guideline applies to a specific set of facts is a question of law reviewed *de novo. See Shriver, supra.* The evidence demonstrates that Hanson acted alone. Consequently, the district court's analogy to a conspiracy is flawed and unduly distorts the guideline range.

We conclude that § 2T1.5, Fraudulent Returns, Statements, or Other Documents, more closely fits Hanson's conduct. Applying this section, the appropriate guideline range is zero to six months, rather than six to twelve months.

### V.

■ Finally, Hanson contends the district judge was biased and prejudiced against

him. We find absolutely no support for this assertion in the record.

While we agree that the district judge erred by applying the conspiracy guideline, this error falls far short of suggesting partiality. Similarly without merit is Hanson's claim that the judge exhibited bias and prejudice by not admitting into evidence documents to support Hanson's belief that he was exempt from the tax laws. The judge permitted Hanson to testify about his beliefs and research and excluded only the underlying documents. Thus, Hanson's claim that the district judge was biased and prejudiced against him is unsubstantiated by the record.

The judgment is **AFFIRMED IN PART, REVERSED IN PART** and **REMANDED FOR RESENTENCING.**[2]

---

**2.** Since briefing was completed in this case, Hanson has filed a number of "affidavits." To the extent that these can be construed as motions seeking relief from this court, the motions are denied.