19 F.3d 1441
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Woodrow W. ALLSTEAD, Defendant-Appellant.
 No. 93-30203.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 9, 1994.*
Decided March 24, 1994.
 
 1
 Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 I.
 
 3
 To prove a violation of 26 U.S.C. Sec. 7206(1), the government was required to show, inter alia, that Allstead "willfully subscribed to the false return[s] with the specific intent to violate the law." United States v. Hanson, 2 F.3d 942, 945 (9th Cir.1993). Accordingly, whether Allstead believed his conduct to be lawful was a matter of "consequence to the determination of the action." Fed.R.Evid. 401. Allstead's threats of violence against the same parties he later reported to the IRS tended to show he would resort to illegal means in seeking redress against those he believed had injured him. Allstead's inclination to resort to illegal means made it more probable that he acted with specific intent to violate the law in making the statements to the IRS. Therefore, pursuant to Fed.R.Evid. 401, evidence of Allstead's threats was relevant.
 
 
 4
 The district court recognized the possibility of unfair prejudice and instructed the government not to prolong the testimony concerning threats: "I want it handled quickly. I don't want it repeated over and over again any more than absolutely necessary." The government abided by this instruction: the prosecution elicited a description of the particular threat from each witness and promptly moved on to the next subject.
 
 
 5
 In most cases, the witnesses testified both that Allstead personally threatened them with illegal acts of violence and that they were later victims of Allstead's tax scheme. Considered together, these facts were highly probative of Allstead's awareness that his scheme was illegal. Although Allstead argues the district court "could have required the government to have its witnesses relate that Mr. Allstead 'would get even with them' or would 'get back at them,' " such testimony would lose much of its relevance because it would not show that Allstead clearly contemplated illegal means of redress against these victims. Thus, the district court did not abuse its discretion in admitting evidence of Allstead's threats.
 
 II.
 
 6
 The government did not misrepresent the parties' stipulation that Allstead was unsuccessful in his efforts to persuade the Bureau of Land Management he had a valid mining claim. Furthermore, the district court properly excluded under Fed.R.Evid. 403 the contents of the Bureau's files (even while admitting the files en masse) to avoid suggesting to the jury that it had to decide an irrelevant issue, i.e., the validity of Allstead's mining claim.
 
 
 7
 Regarding the July 29, 1992 letter by geologist Duran, even if the district court erred in excluding this portion of the Bureau's files, the letter would not have substantially supported Allstead's defense. At most, it would have demonstrated that reasonable people might question the decision of the Oregon courts as to who owned the disputed mining rights. However, this would not explain the many bills and tax forms Allstead sent to third parties based on their involvement in the counterclaim for defamation, the alleged theft of mining equipment, and on general allegations of "treason." Exclusion of the letter was, at most, harmless error. See United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.1992) (evidentiary ruling harmless where it did not have a substantial impact on jury's deliberation).
 
 III.
 
 8
 United States v. Hanson, 2 F.3d 942, 947 (9th Cir.1993), is controlling and requires Allstead to be resentenced under U.S.S.G. Sec. 2T1.5. Allstead's convictions are AFFIRMED, his sentence is VACATED, and the case is REMANDED for resentencing.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The parties are familiar with the facts and issues; we will not repeat them here. This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3