**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Darline Ruth KOFF, Defendant–
Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Irwin KOFF, Defendant–Appellant.**

**Nos. 93–10682, 93–10684.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 1994.*

Memorandum Nov. 2, 1994.

Order and Opinion Dec. 22, 1994.

Certiorari Denied March 6, 1995.
See 115 S.Ct. 1325.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.

Michael B. Bigelow, Sacramento, CA, Alister McAlister, Wilton, CA, for defendants-appellants.

Bradford C. Lewis, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: FLETCHER, HALL, and WIGGINS, Circuit Judges.

**ORDER**

The memorandum disposition filed November 2, 1994, is hereby redesignated as an authored opinion by Judge Hall.

R.App.P. 34(a) and 9th Cir.R. 34.4.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Irwin and Darline Koff were each indicted by a grand jury and charged with making false claims against the United States in violation of 18 U.S.C. § 287, and with making and subscribing false tax returns in violation of 26 U.S.C. § 7206(1). Together, they were indicted for and charged with corruptly obstructing and impeding the due administration of the tax laws in violation of 26 U.S.C. § 7212(a), and aiding and abetting such offense, in violation of 18 U.S.C. § 2. After a bench trial, the Koffs were convicted on all counts. We have jurisdiction over this timely appeal.

Counsel was appointed on appeal for each defendant. Each defendant's attorney filed a brief seeking to withdraw as counsel and claiming that there were no appealable issues, pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). This court denied the motions to withdraw and *sua sponte* ordered the parties to brief an issue not raised by either defendant, regarding whether the Sentencing Guidelines had been properly applied in this case. We now affirm in all respects.

### I. *Facts*

In 1989, the Internal Revenue Service ("IRS") assessed deficiencies for unpaid taxes against the Koffs, based on their failure to file returns for the years 1982–85. The IRS began collection proceedings.

The Koffs employed a scheme to avoid paying the taxes that the IRS claimed they owed. Each of them sent a series of "conduct assessments" to various IRS officials whom the Koffs believed were associated with their cases, including the acting Commissioner of the IRS, the Sacramento District Director, the Assistant Regional Commissioner, an auditor, and a case worker. The "conduct assessment" letters stated that the IRS employees' conduct had been "arbitrary, unreasonable, capricious, misleading, and unwarranted," and purported to "assess" money owed to the Koffs.

The Koffs also sent the IRS officials past due notices for the amounts claimed in the conduct assessments; IRS forms 1099 reflecting income to the officials in the same amount as in the assessments, plus interest; documents entitled "Notice of Placement for Collection and Default Statement," claiming that the conduct assessments had been placed with the IRS for collection; and Uniform Commercial Code Financing Statements claiming that liens in the amount of the conduct assessments plus interest had been placed upon the officials' assets. Several of the IRS officials testified that they had been concerned that the false 1099s could lead to IRS audits and possible disciplinary action against them, and that the false U.C.C. liens would adversely affect their financial situations.

In January 1990, both Darline and Irwin Koff signed and filed, under penalty of perjury, forms 1096, which are used to transmit to the IRS 1099 forms issued by payors of income during a tax year. They attached the 1099s issued to the various IRS officials and other targets of the scheme. Irwin Koff represented on his 1096 that he had paid a total of $738,327 to the "recipients" in 1989; Darline Koff claimed to have paid $560,510.28.

Next, both Koffs signed and filed, under penalty of perjury, forms 1040. Each defendant reported the total 1099 "payments" as "other income from accounts receivable" and claimed that the IRS had withheld the same amount as taxes. As a result, Darline Koff claimed that the IRS owed her a refund of $404,435, and Irwin Koff claimed a refund of $532,463. The defendants attempted to use these false refund claims as set-offs against the deficiency assessed by the IRS for earlier years.

The Koffs were convicted of all charges and now appeal.

### II. *Proper Sentencing Guideline for 26 U.S.C. § 7212(a)*

■ The Koffs were convicted of violating 26 U.S.C. § 7212(a), which prohibits corrupt activity designed to obstruct or impede the due administration of the federal tax laws. The Statutory Index to the 1989 Sentencing

Guidelines Manual, which the district court applied in sentencing the Koffs, designated U.S.S.G. § 2A2.2, Aggravated Assault, and § 2A2.3, Minor Assault, as the appropriate guidelines for violations of 26 U.S.C. § 7212(a). Because the Koffs' crimes did not involve actual violence against I.R.S. agents or property, the district court properly determined that these guidelines were not appropriate, and that it should look to the most analogous guideline to the Koffs' conduct to determine their sentence. *See, e.g., United States v. Hanson,* 2 F.3d 942, 947 (9th Cir. 1993).

Relying on *United States v. Dykstra,* 991 F.2d 450 (8th Cir.), *cert denied,* — U.S. ——, 114 S.Ct. 222, 126 L.Ed.2d 177 (1993), the district court found § 2J1.2, Obstruction of Justice, with a base offense level of 12, to be most analogous. *Hanson,* a Ninth Circuit case decided several weeks before the Koffs were sentenced, found instead that § 2T1.5, Fraudulent Returns, Statements, or Other Documents, with a base offense level of 6, was the most analogous guideline in another § 7212(a) case. 2 F.3d at 947. After receiving briefs on this question, we now conclude that the district court properly applied § 2J1.2.

 Whether a particular guideline applies to a specific set of facts is a question of law reviewed de novo. *Hanson,* 2 F.3d at 947. Because the Koffs did not object to the district court's determination of their sentences, however, we review only for plain error. *United States v. Martinez,* 956 F.2d 891, 893 (9th Cir.1992).

*Hanson* involved a scheme similar to the one employed by the Koffs. Hanson filed false forms 1099 and 1096, claiming to have made payments of over $78,000,000; he then filed a form 1040, falsely claiming a refund of almost $34,000,000. *Hanson,* 2 F.3d at 944–45. Hanson was convicted of violating § 7212(a), among other laws, and the district court sentenced him under guideline § 2T1.9, Conspiracy to Impair, Impede, or Defeat Tax. This court reversed, finding the conspiracy guideline inappropriate because Hanson acted alone, and concluding without argument that § 2T1.5 applied to Hanson's conduct. *Id.* at 947. We find that under the facts of the present case, however, the district court correctly applied the general obstruction of justice guideline, § 2J1.2.

In *Hanson,* the targets of the false documents scheme were not IRS officials and were apparently not involved in any sort of legal proceeding against Hanson. The only effect on the IRS in that case was the administrative burden of detecting, investigating and prosecuting the offender.

By contrast, the Koffs began their scheme shortly after receiving a deficiency notice from the IRS for the tax years 1982–85, and after the agency began collection proceedings. They specifically targeted and attempted to intimidate IRS officials whom they believed were involved in the proceedings against them, from the acting Commissioner all the way down to the caseworker working on the Koffs' cases. In addition, they attempted to use the fake "refunds" they claimed the IRS owed them directly to offset the tax liability the IRS had assessed for 1982–85.

Such conduct goes beyond the misdemeanor offense contemplated by guideline § 2T1.5, Fraudulent Returns, Statements, or Other Documents. *See* U.S.S.G. § 2T1.5, comment. (backg'd) (1989). Instead, the Koffs engaged in obstruction of justice, and we agree with the conclusion of the Eighth Circuit in *Dykstra,* 991 F.2d at 454, on virtually identical facts, that § 2J1.2 was the appropriate guideline. The district court therefore did not err in sentencing the Koffs.

### III. *Other Claims*

In their *Anders* briefs and in supplemental pro se briefs, the Koffs raise numerous additional challenges to their convictions. Most of them are meritless arguments repeatedly rejected in the past by this court, and we reject them as well. The Koffs also challenge the sufficiency of the evidence to support their convictions, but we find the judgments to be amply supported.

Accordingly, the convictions and sentences of both Irwin and Darline Koff are AFFIRMED.