62 F.3d 1426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randall W. CREE, Defendant-Appellant.
 No. 94-10574.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Randall W. Cree appeals his convictions of filing eight false claims against the United States, fraudulently withholding exemption certificates, and attempting to interfere with administration of internal revenue laws, all in violation of 18 U.S.C. 287 and 2(b), 26 U.S.C. 7205(a), 26 U.S.C. 7212(a). We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.[1]
 
 
 3
 * Sufficiency of the Evidence
 
 
 4
 Cree contends that the government failed to present sufficient evidence at trial to prove that he acted "knowingly," "willfully" and "corruptly" as required for the crimes of which he was convicted. This contention lacks merit.
 
 
 5
 Because Cree failed to renew his motion for judgment of acquittal at the close of all the evidence, we review his argument only for plain error or to prevent a miscarriage of justice. See United States v. Kuball, 976 F.2d 529, 531 (9th Cir. 1992). Evidence is sufficient to support a conviction unless "no rational trier of fact could find the essential elements of the crime beyond a reasonable doubt after viewing the evidence in the light most favorable to the government." United States v. Lucas, 963 F.2d 243, 247 (9th Cir. 1992).
 
 A. 18 U.S.C. Sec. 287 and 2(b)
 
 6
 Cree was convicted of "knowingly" filing eight false Nonresident Alien tax returns claiming that he was owed a total of $126,000 in August 1992. Cree testified that he had filed the returns in an attempt to recoup $13,923 which the IRS had "taken" from him. Cree argues that because he believed the money was his, he did not "know" that the tax returns were false.
 
 
 7
 Cree admitted, however, that the refund he claimed far exceeded the amount the IRS had "taken" from him, but testified that he intended to return any refunded money in excess of $13,923. In addition, the government offered evidence that Cree listed a false address on the returns.
 
 
 8
 A jury could have concluded that Cree "knowingly" filed false tax returns from the evidence that he claimed a refund in an amount he admitted was nearly ten times that he had paid the IRS.
 
 
 9
 B. 26 U.S.C. 7205(a).
 
 
 10
 Cree was charged with "willfully" supplying a false withholding exemption certificate ("W-4") in October 1991.
 
 
 11
 The Supreme Court has defined "willful" in the context of criminal tax cases as a "voluntary, intentional violation of a known legal duty." Cheek v. United States, 498 U.S. 192, 201 (1991).
 
 
 12
 Here, the government offered substantial evidence that Cree knew his income was subject to withholding, and that he had claimed nine exemptions to prevent any of his pay from being withheld. Specifically, the government offered evidence that: (1) prior to 1991 Cree had not claimed any exemptions, had filed tax returns and paid his taxes; (2) the W-4 form Cree signed clearly showed that he was entitled to no more than two exemptions; and (3) Cree testified that he claimed nine exemptions to "zero out" his tax liability.
 
 
 13
 Although Cree testified that he believed the government was not entitled to withhold money from his earnings, a jury could have concluded that Cree committed a "voluntary, intentional violation of a known legal duty," based on the evidence that Cree had previously claimed the proper number of exemptions, and that he inflated his claim in 1991 to "zero out" his tax liability.
 
 C. 28 U.S.C. Sec. 7212(a)
 
 14
 Cree was charged with "corruptly" attempting to interfere with the IRS's collection efforts.
 
 
 15
 "An act is 'corrupt' within the meaning of section 7212(a) if it is performed with the intention to secure an unlawful benefit for oneself or for another." Hanson, 2 F.3d at 946.
 
 
 16
 Here, the government presented evidence that Cree had placed a $250,000 lien on the property of IRS agent Marwin Smith, and filed a "Writ of Attachment" on Smith's wages. Cree told Smith that he would not remove the lien until Smith stopped trying to collect Cree's taxes, and removed the lien only after the Justice Department filed suit against him. The government also presented evidence that Cree threatened to sue and place liens on the property of four coworkers if they continued to honor IRS levies. Cree was dissuaded from taking action only after his supervisor told him that he would be terminated unless he ceased his threatening behavior.
 
 
 17
 In light of this evidence, a jury could have concluded that Cree "corruptly" attempted to interfere with the administration of the internal revenue laws.
 
 II
 Jury Instructions
 
 18
 Cree contends that the district court erred by instructing the jury that a mistaken belief that tax laws are unconstitutional is not a defense to willfulness because he "never asserted at trial any belief pertaining to the constitutionality of the tax laws."[2] This contention lacks merit.
 
 
 19
 We review de novo whether a jury instruction was an accurate statement of the law. United States v. Terry, 911 F.2d 272, 278 (9th Cir. 1990).
 
 
 20
 At trial, Cree argued that he was not a citizen of the United States and urged the jury to "look at the Constitution as it's written out." Cree testified that he believed that the IRS was subjecting him "into a condition of involuntary servitude" and that in refusing to pay his taxes he was "simply exercising [his] inalienable right to work, to life, to liberty and the pursuit of happiness as guaranteed to [him]." Finally, Cree presented a lengthy discourse on his theory that the only people who are obligated to pay taxes are "black people," "Orientals, Hispanics, and other groups of minorities" because those groups are "people that have no arm to the United States Constitution."
 
 
 21
 Because Cree's defense that he believed the tax laws did not apply to him was based, at least in part, on his interpretation of the Constitution, the district court did not err by including the instructions. See id.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Cree's contention that the district court lacked jurisdiction because: (1) Congress can only make laws binding individuals living in the District of Columbia; and (2) he had a "deeply held religious conviction that the Defendant may not serve any master or lord other than the God of Creation," is without merit. See United States v. Hanson, 2 F.3d 942, 945 (9th Cir. 1993) ("It is firmly established that district courts have subject matter jurisdiction over prosecutions for violations of the tax laws")
 
 
 [2]
 The district court instructed the jury that "a person's opinion or belief that the tax laws violate his constitutional right does not constitute a good faith misunderstanding of the law. A mistaken belief that the tax laws are unconstitutional is not a defense to willfulness."