89 F.3d 845
 77 A.F.T.R.2d 96-2084, 96-1 USTC P 50,306
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald D. DORRIS; Susan J. Dorris, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70280.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Commissioner of Internal Revenue assessed deficiencies and penalties against Ronald and Susan Dorris for the 1990 and 1991 tax years. The Dorrises petitioned for a redetermination, and the Tax Court dismissed for failure to prosecute. We affirm.
 
 
 3
 The Rules of Practice and Procedure of the United States Tax Court provide that "[t]he parties are required to stipulate, to the fullest extent to which complete or qualified agreement can or fairly should be reached, all matters not privileged which are relevant to the pending case...." Tax Court Rule 91. The Tax Court may dismiss a case at any time if one of the parties fails "to prosecute or to comply with these Rules or any order of the Court...." Tax Court Rule 123(b). We review the Tax Court's dismissal for failure to prosecute under an abuse of discretion standard. Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir.1985).
 
 
 4
 The Tax Court informed the parties that they were to comply with Rule 91, and that failure to do so would result in dismissal. From March to October 1994, the Commissioner made three attempts to schedule a conference with the Dorrises and made a separate request that the Dorrises produce the documents that they contended would disprove the assessed deficiency. The Dorrises declined each invitation and made no efforts of their own to comply. The Tax Court did not abuse its discretion in dismissing their petition.
 
 
 5
 The remainder of the Dorrises' arguments are without merit. They are "persons" subject to tax liability under the Internal Revenue Code. See United States v. Hanson, 2 F.3d 942, 945 (9th Cir.1993). The Sixteenth Amendment authorizes the government to tax them. See In re Becraft, 885 F.2d 547, 548 (9th Cir.1989). They had no due process right to a hearing prior to the issuance of the notice of deficiency. See Wilcox v. Commissioner of Internal Revenue, 848 F.2d 1007, 1008 (9th Cir.1988). And they had no statutory or due process right to have the Commissioner provide them with personal notice of the applicable tax laws. See 26 U.S.C. § 6303(a); cf. United States v. Charlton, 114 S.Ct. 2018, 2023 (1994) (lack of notice does not render retroactive application of tax law unconstitutional).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3