110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William TROWBRIDGE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Helen TROWBRIDGE, Defendant-Appellant.
 Nos. 96-30179, 96-30180.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 DISMISSED AS TO NO. 96-30179.
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William and Helen Trowbridge appeal pro se their convictions following a jury trial for tax evasion and interfering with the administration of the tax laws, in violation of 26 U.S.C. §§ 7201 and 7212(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and remand in part.
 
 
 3
 Pending appeal, William passed away. " 'It is a well-settled rule that actions upon penal statutes do not survive the death of the wrongdoer.' " United States v. $84,740.00 Currency, 981 F.2d 1110, 1113 (9th Cir.1992) (quoting United States v. Oberlin, 718 F.2d 894, 896 (9th Cir.1983)). "The death of a criminal defendant 'pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception.' " See id. (quoted citation omitted). Accordingly, we reject Helen's contention that her husband's appeal cannot be dismissed and, as to William Trowbridge, we dismiss the appeal and remand the cause to the district court to vacate the judgment and to dismiss the indictment. See Oberlin, 718 F.2d at 895-96.
 
 
 4
 Helen contends the district court lacked subject-matter jurisdiction and venue, and the government committed fraud by informing the district court that it had jurisdiction. These contentions are meritless.
 
 
 5
 We review jurisdictional and venue challenges de novo. See United States v. Angotti, 105 F.3d 539, 541 (9th Cir.1997) (venue); United States v. Hanson, 2 F.3d 942, 945 (9th Cir.1993) (jurisdiction). Here, the government alleged Helen violated 26 U.S.C. §§ 7201 and 7212(a), and presented evidence that those offenses occurred in Idaho. Therefore, the district court had jurisdiction, and venue in the District of Idaho was proper. See Angotti, 105 F.3d at 542; Hanson, 2 F.3d at 945; see also United States v. Mendoza, No. 95-30404, slip op. at 2775, 1997 WL 106684, at * 1 (9th Cir. Mar. 11, 1997) (stating that in ruling on pretrial motion to dismiss for lack of venue, district court may consider only the indictment and must take its allegations as true). Because we hold that jurisdiction was proper, we reject Helen's argument that the government fraudulently advised the district court that it had jurisdiction.
 
 
 6
 Next, Helen contends the evidence was insufficient to convict her of violating section 7201, because the government did not prove she acted willfully. This contention lacks merit.
 
 
 7
 Sufficient evidence exists if "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). To establish a violation of section 7201, the government must prove the existence of a tax deficiency, willfulness, and an affirmative act constituting an evasion or an attempted evasion. See United States v. Boone, 951 F.2d 1526, 1542 (9th Cir.1991). To prove willfulness, the government must show that the law imposed a duty on the defendant, that the defendant knew of the duty, and that the defendant voluntarily and intentionally violated the duty. See Cheek v. United States, 498 U.S. 192, 201 (1991); United States v. Powell, 955 F.2d 1206, 1210-11 (9th Cir.1992). "[C]arrying this burden requires negating a defendant's claim ... that because of a misunderstanding of the law, [s]he had a good-faith belief that [s]he was not violating any of the provisions of the tax laws." Cheek, 498 U.S. at 202.
 
 
 8
 Here, Helen appears to argue that the government failed to prove the existence of a legal duty and did not negate her good-faith belief that she was not " 'any person liable' for payment of income taxes." Helen, however, did not assert at trial that she possessed a good-faith belief that she was not violating the tax laws. Rather, she chose not to participate in the trial, other than to periodically assert that the district court lacked jurisdiction to try her. Furthermore, the government presented evidence that the Trowbridges had income during the period in question, that the Trowbridges had filed tax returns in the past and that they had obtained the assistance of an accountant in preparing past tax returns so that they could file for bankruptcy. The jury could infer from this evidence that the Trowbridges were aware of their legal obligation to file a return and that their failure to do so was willful. See United States v. Callery, 774 F.2d 1456, 1458 (9th Cir.1986). Thus, we conclude the evidence was sufficient to establish a violation of section 7201. See Powell, 955 F.2d at 1210-11. To the extent Helen challenges her status as a "person" subject to the tax code, this court has repeatedly rejected such arguments. See, e.g., Hanson, 2 F.3d at 945.
 
 
 9
 Finally, Helen contends the evidence was insufficient to convict her of violating section 7212(a), because she had an absolute right to defend against the IRS's efforts to seize her property and she did not prevent the IRS from seizing and selling her property. This contention lacks merit.
 
 
 10
 To establish a violation of section 7212(a), which seeks to prohibit efforts to hinder the collection of one's taxes, "the government must prove (1) corruption, force, or threat of force, and (2) an attempt to obstruct the administration of the IRS." Hanson, 2 F.3d at 946-47. An act is "corrupt" for purposes of section 7212(a) "if it is performed with the intention to secure an unlawful benefit for oneself or another." Id.
 
 
 11
 Here, the government presented evidence that, at an auction of property seized from the Trowbridges to satisfy their tax deficiencies, Helen told potential buyers that the auction was illegal and that they would be sued if they bid on the property. As a result, no one bid on the property and the IRS was forced to buy it. The government also presented evidence that the Trowbridges interfered with IRS agents' ability to perform their duties by causing liens to be recorded against them, and that it had to bring an action in federal court to remove those liens. We conclude the evidence was sufficient to establish a violation of section 7212(a). See Hanson, 2 F.3d at 946-47. Accordingly, as to Helen Trowbridge, we affirm.
 
 
 12
 AFFIRMED as to No. 96-30180, DISMISSED and REMANDED as to No. 96-30179 with directions to vacate the judgment and dismiss the indictment.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. Appellant's November 22, 1996 motion is denied in its entirety
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3