**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rahman Deshongh DALRYMPLE,**
**Defendant–Appellant.**

Nos. 03–50070, 03–50248.
D.C. No. CR–02–01417–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Maura Quinn, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Gerard J. Wasson, Grimes & Warwick, San Diego, CA, for Defendant–Appellant.

Before T.G. NELSON, WARDLAW, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Rahman Deshongh Dalrymple appeals pro se his jury trial convictions and 27–month sentence for importation of ketamine and possession of ketamine with intent to distribute, in violation of 21 U.S.C. §§ 952, 960, and 21 U.S.C. § 841(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the convictions and remand.

First, appellant contends that the district court lacked federal jurisdiction over him. This contention is without merit because it is firmly established that district courts have jurisdiction over all offenses against the laws of the United States. *See* 18 U.S.C. § 3231; *United States v. Hanson*, 2 F.3d 942, 945 (9th Cir.1993) (affirming the district court's jurisdiction over a tax protester who alleged that he was not a citizen of the United States, but a resident of his home state).

Second, appellant contends that the jury should have been given a jury nullification instruction. However, "[o]ur circuit's

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

precedent indicates that the [appellant is] not entitled to jury nullification instructions." *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir.1992).

Third, appellant contends that the prosecutor's comments were irrelevant and prejudicial because he (1) argued that appellant possessed a "valuable product;" (2) injected his personal opinion and credibility into the argument; and (3) argued that appellant committed irrelevant uncharged misconduct. Because the trial court gave limiting instructions, *see United States v. McChristian*, 47 F.3d 1499, 1508 (9th Cir. 1995), and the prosecutor's comments were reasonable inferences from the evidence, *see United States v. Patel*, 762 F.2d 784, 795 (9th Cir.1985), appellant failed to demonstrate that the comments were so egregious as to materially affect the fairness of trial. *See United States v. Sayakhom*, 186 F.3d 928, 943 (9th Cir.), *amended by* 197 F.3d 959 (9th Cir.1999).

Finally, appellant contends that his sentence under the then-mandatory guidelines violated the Sixth Amendment. Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

CONVICTIONS AFFIRMED; SENTENCE REMANDED.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.