MEMORANDUM *
Creasia appeals from his jury conviction on two counts of filing a false federal income tax return in violation of 26 U.S.C. § 7206(1). The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Creasia first argues that the district court erred by denying his motion for judgment of acquittal. Viewing the evidence in the light most favorable to the government, we conclude that the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Crea-sia willfully filed tax returns that he did not “believe to be true and correct as to every material matter.” 26 U.S.C. § 7206(1); see United States v. Hanson, 2 F.3d 942, 945 (9th Cir.1993) (stating standard of review for sufficiency of evidence).
The jury heard testimony that Creasia was a successful small business owner who kept careful records and reviewed his tax returns (including pointing out an error that his tax preparer had made on a previous return). The jury could reasonably infer that Creasia had some knowledge of the documents that he signed in furtherance of his stated intent to “reduc[e] ... tax liability in all aspects of [his] life.” The evidence was adequate to show that Creasia acted willfully: (1) Creasia signed documents creating a joint venture where he was a 25% member and only claimed *560 25% of income from the business on his tax return, even though he continued to receive all of the income from his business and operate and insure the business as a sole proprietorship; and (2) Creasia entered into a loan for $675,000 which was expensed on the tax return as a business loss, even though Creasia later stated that he had forgotten about such a substantial loan because he did not have to repay it. Further, the jury’s determination that Creasia acted willfully in filing false tax returns negates his argument that he relied in good faith on the advice of a tax professional. See, e.g., United States v. Claiborne, 765 F.2d 784, 798 (9th Cir.1985) (reliance on a qualified tax accountant must be in good faith), abrogated on other grounds by Ross v. Oklahoma, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988).
Creasia next argues that the district court erred by denying his motion to dismiss for violation of due process rights. We review de novo the denial of a motion to dismiss an indictment on due process grounds. United States v. Latu, 479 F.3d 1153, 1155 (9th Cir.), cert. denied,-U.S. -, 128 S.Ct. 164, 169 L.Ed.2d 112 (2007). Creasia alleges that the government’s charging him with willfully filing fraudulent tax returns contradicts the position it took in prosecuting the Anderson Ark promoters for conspiracy to defraud. The government indicted Anderson Ark promoters on counts of (1) conspiracy to defraud the United States and to aid and assist in the preparation and presentation of fraudulent income tax returns, and (2) conspiracy to commit wire and mail fraud. To convict the Ark Anderson promoters on these conspiracy counts, the government was required to prove agreement and intent, but did not have to prove that anyone was actually defrauded or misled. See, e.g., United States v. Montgomery, 384 F.3d 1050, 1062 (9th Cir.2004) (stating elements to prove conspiracy under 18 U.S.C. § 371). Indeed, in pursuing the charges against the promoters, the government never alleged that Creasia was unaware that the schemes were fraudulent. The theories pursued by the government in the separate trials are not inconsistent, so Creasia was not deprived of due process.
Creasia’s contention that the district court impermissibly shifted the burden to Creasia to prove his innocence fails because it was his burden to establish that the indictment against him should be dismissed for lack of due process. See Fed. R.Crim.P. 47(b) (“A motion must state the grounds on which it is based.... ”).
Creasia next argues that the district court erred by directing the court reporter to read back only a portion of Creasia’s testimony. We conclude that the decision to reread witness testimony during jury deliberations was not an abuse of discretion. See United States v. Richard, 504 F.3d 1109, 1113 (9th Cir.2007) (stating standard of review). After learning that it could not obtain a written transcript of Creasia’s testimony, the jury, on its own initiative, specifically requested a read-back of Creasia’s testimony relating to the $675,000 loan. Unlike Richard, the judge did not restrict the read-back to only a partial read-back, and he did not handpick which portions of the testimony concerning the loan that the jury would hear. See id. at 1113-15. Instead, the read-back portion of the testimony included both direct and cross-examination. Additionally, as recommended in Richard, the judge gave a cautionary instruction to the jury not to give undue emphasis to the read-back, and to consider all testimony and evidence presented in the case. See id. at 1115.
Finally, Creasia argues that the district court erred by giving the jury an Allen[1] charge during deliberations. The *561 Allen charge was clearly warranted since the jury sent a note to the judge stating that it had been unable to reach a unanimous verdict after deliberating for a day and a half. See United States v. Steele, 298 F.3d 906, 911 (9th Cir.2002) (“An Allen charge should be given only when it is apparent to the district court from the jury’s conduct or length of deliberation that the charge is clearly warranted”). Furthermore, the Allen charge did not have an impermissibly coercive effect on the jury. See United States v. Hernandez, 105 F.3d 1330, 1333 (9th Cir.1997). To determine whether the Allen charge was impermissibly coercive, we examined “(1) the form of the instruction, (2) the time the jury deliberated after receiving the charge in relation to the total time of deliberation and (3) any other indicia of coerciveness.” Steele, 298 F.3d at 911. In this case, the form of the instruction was the relevant Ninth Circuit model jury instruction. The jury deliberated for an hour and a half after the charge was given in response to the jury’s note that it was unable to reach a unanimous verdict, indicating that the jury took time to deliberate on the supplemental instruction. Finally, the record does not indicate any other “indicia of coerciveness” in giving the instruction. We conclude that the district court did not abuse its discretion to instruct the jury with an Allen charge in this case. See Hernandez, 105 F.3d at 1333 (stating standard of review).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).