NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENT JACKSON, | No. 18-71248 |
| Petitioner-Appellant, | Tax Ct. No. 9099-17 |
| v. | |
| COMMISSIONER OF INTERNAL REVENUE, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court

Submitted March 3, 2020**

Before:      MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Brent Jackson appeals pro se from the Tax Court's order dismissing for

failure to state a claim his petition challenging the Commissioner of Internal

Revenue's notice of tax deficiency for the 2011 tax year.  We have jurisdiction

under 26 U.S.C. § 7482(a)(1).  We review de novo.  *Grimes v. Comm'r*, 806 F.2d

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1451, 1453 (9th Cir. 1986). We affirm.

The Tax Court properly dismissed Jackson's petition for failure to state a claim because Jackson failed to set forth "a clear and concise assignment" of error or any facts demonstrating error in the Commissioner's determinations. T.C.R. 36(b)(4); *Urban v. Comm'r*, 964 F.2d 888, 889-890 (9th Cir. 1992) (noting that the requirements of the Internal Revenue Manual are "not mandatory"); *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir. 1992) (explaining that "[t]he delegation of authority down the chain of command, from the Secretary, to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees"); *see also United States v. Hanson*, 2 F.3d 942, 945 (9th Cir. 1993) (rejecting the argument that a natural born citizen of a state is not subject to the tax code); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980) (explaining that "the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Jackson's motion to take judicial notice (Docket Entry No. 10) is denied as moot. Jackson's motion to correct his address and the case caption (Docket Entry No. 11) is granted in part to update his current mailing address on file with the court but denied in all other respects. Jackson's request for an evidentiary hearing, set forth in the opening brief, is denied.

**AFFIRMED.**