NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30175 |
| Plaintiff-Appellee, | D.C. No. 17-cr-00068-MO |
| v. | MEMORANDUM[*] |
| MICHAEL EDWARD BOWMAN, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted May 12, 2022[**]
Portland, Oregon

Before: BERZON and CHRISTEN, Circuit Judges, and BLOCK,[***] District Judge.

Appellant Michael Bowman appeals his conviction on four counts of willful failure to file a tax return, in violation of 26 U.S.C. § 7203. Bowman argues that the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq. ("RFRA"), required

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).
[***] The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

1

the dismissal of the operative indictment against him because of his religious belief that he must not contribute money used to facilitate abortions. In the alternative, Bowman argues that the district court should have considered a good faith defense, because he subjectively believed RFRA exempted him from payment of his taxes until an accommodation was provided to him. Both claims are reviewed *de novo*. We presume familiarity with the factual and procedural history of this case, and we affirm the district court.

1.     Dismissal of Bowman's Indictment

Both this Circuit and the United States Supreme Court have repeatedly rejected the proposition that a taxpayer may withhold tax money owed because taxes support expenditures the taxpayer finds objectionable: "Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." *United States v. Lee*, 455 U.S. 252, 260 (1982); *Hernandez v. Comm'r*, 490 U.S. 680, 699-700 (1989) ("[E]ven a substantial burden would be justified by the 'broad public interest in maintaining a sound tax system,' free of 'myriad exceptions flowing from a wide variety of religious beliefs.'") (citing *Lee*, 455 U.S. at 260).

Bowman argues that *Lee* and *Hernandez* are preempted by RFRA, and that in any event, they are inapposite. He is mistaken on both counts. First, RFRA did not supersede *Lee* and *Hernandez*; to the contrary, it restored those cases. RFRA

2

legislatively overturned *Employment Division, Department of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990), which itself overturned the balancing test at the heart of *Lee* and *Hernandez*. In so doing, RFRA reinstated the balancing test—and the vitality of *Lee* and *Hernandez*.

Bowman's attempt to distinguish *Lee* and *Hernandez* fares no better. He asserts that they are distinguishable because the expenditures objected to by the taxpayers in those cases—social security and national defense—are more compelling interests than that of abortion funding. He argues that because funding for abortion providers is a less compelling interest, taxation on that account fails the RFRA balancing test. Bowman's arguments are off the mark. The compelling government interest at issue here is not the funding of abortion providers; it is the administration of a manageable tax system, an interest that clears the balancing test's hurdle. *Hernandez*, 490 U.S. at 699-700.

RFRA does not exempt Bowman from the payment of taxes nor require accommodation. The district court properly denied Bowman's motion to dismiss the indictment.

2.    Bowman's Good Faith Defense

Willful failure to file a tax return is a specific-intent offense, and thus good faith is a defense. However, the law distinguishes between innocent mistakes made in an effort to comply with the tax code and noncompliance that "reveal[s] full

3

knowledge of the provisions at issue and a studied conclusion, however wrong, that those provisions are invalid and unenforceable." *Cheek v. United States*, 498 U.S. 192, 205 (1991). Failure to comply with the tax laws is not excused by a defendant's "belief in their invalidity." *United States v. Hanson*, 2 F.3d 942, 946 (9th Cir. 1993).

Bowman admits that he "read the tax code, and that he knows the tax code." He acknowledges that the code requires him to file a tax return. He stipulates that from 1990 onward, he "knew that federal tax laws imposed a duty on him to file his personal income taxes." And he acknowledges that "[s]ince at least 2003, [he] has intentionally failed to file any U.S. Individual Tax Return."

Bowman does not argue that he haplessly attempted to comply with the tax code. Rather, he argues that portions of the tax code are rendered unenforceable as to him by the application of RFRA. This argument is one about the validity of the code, at least as applied to him, and it is therefore foreclosed by *Cheek*.

"[W]here the evidence, even if believed, does not establish all of the elements of a defense, . . . the trial judge need not submit the defense to the jury." *United States v. Perdomo-Espana*, 522 F.3d 983, 987 (9th Cir. 2008) (internal citation omitted). Because Bowman has failed to establish the good faith defense as a matter of law, the district court did not err in precluding its presentation.

Accordingly, the judgment of the district court is **AFFIRMED**.