**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Johannes VAN KRIEKEN,**
**Defendant–Appellant.**

No. 94–10000.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 1994.*

Decided Nov. 2, 1994.

As Amended Dec. 7, 1994.

---

Mary McNamara, Asst. Fed. Public Defender, San Francisco, CA, for defendant-appellant.

Paul J. Krug, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: FARRIS and BEEZER, Circuit Judges, and McLAUGHLIN, District Judge.**

BEEZER, Circuit Judge:

Johannes Van Krieken appeals his conviction following a bench trial for three counts of filing a false return or document, 26 U.S.C. § 7206(1), and one count of corrupt interference with the administration of Internal Revenue Laws, 26 U.S.C. § 7212(a). He contends that his waiver of his right to counsel was not knowing, intelligent and voluntary. Van Krieken also asserts that the district court applied the incorrect sentencing guideline to his conviction for corrupt interference with the administration of the Internal Revenue laws. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I

Since 1983, Van Krieken has had disagreements with the Internal Revenue Service ("IRS") regarding his tax obligations. He has been assessed tax deficiencies for multiple years and refused to file returns and complete tax forms which employers are required to file. The actions that led to the present convictions include engaging in a "redemption" scheme which interfered with administration of the tax laws and filing false tax returns. To effectuate the redemption scheme, Van Krieken used Forms 1099 and 1096 to falsely indicate that compensation was paid to targets of the scheme. Those targets would then be subject to IRS review when they failed to report income that Van Krieken had reported as paid. Van Krieken also sent bills to people seeking to collect money that they did not owe. Van Krieken then attempted to have the IRS levy on those taxpayers. Van Krieken's 1989 individual tax return contained false information and failed to report compensation Van Krieken received during the tax year. The return also falsely claimed an overpayment in excess of four million dollars and sought a refund for that overpayment. In March 1990, Van Krieken filed an amendment to his 1989 re-

** The Honorable Linda H. McLaughlin, United States District Judge for the Central District of California, sitting by designation.

turn seeking to increase the amount of the refund due.

Van Krieken was indicted for three counts of filing a false tax return and one count of corrupt interference with the administration of the tax laws. At his initial appearance before the magistrate judge, Van Krieken met with a public defender and was advised by the court that counsel would be appointed if he completed a financial disclosure form. Van Krieken expressed reservations about disclosing financial information that would be released to the government. He informed the court that he would attempt to procure counsel. At the scheduled detention hearing Van Krieken again appeared without counsel. A public defender was again present and explained to the court Van Krieken's concerns regarding possible incrimination by the disclosure of the financial information required as a condition for obtaining appointed counsel. The public defender advised Van Krieken that no guarantee could be made that a financial affidavit would not be disclosed to the government. The magistrate judge considered the financial disclosure issue and postponed the detention hearing to provide the government and public defender an opportunity to explore possible alternatives. At the detention hearing two days later, Van Krieken appeared with retained counsel and the issue of financial disclosure was not addressed.

At an initial appearance before the district judge, Van Krieken again appeared without counsel. The district judge advised Van Krieken of his right to an attorney and stated that one would be appointed if he could not afford an attorney. The district judge explained the charges and the possible penalties as well as the disadvantages of appearing without counsel. Despite repeated encouragement by the district judge to obtain counsel, Van Krieken insisted on representing himself. Van Krieken was convicted on all four counts of the indictment. He was sentenced to twenty-four months imprisonment and one year supervised release.[1]

## II

██ Van Krieken contends that the waiver of his right to counsel was invalid because it was not knowing, intelligent and voluntary. Van Krieken also contends that he was forced to choose between his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel.

██ Before a waiver of the right to counsel will be considered knowing, intelligent and voluntary, "a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir.1987). Further, the record should "establish that he knows what he is doing and his choice is made with eyes open." *Id.* at 1487 (quotation omitted). "Throughout this inquiry, [the court] must focus on what the defendant understood, rather than on what the court said or understood." *Id.* at 1487–88 (citing *United States v. Harris*, 683 F.2d 322, 325 (9th Cir.1982)). Finally, a request to proceed without counsel must be unequivocal. *Adams v. Carroll*, 875 F.2d 1441, 1444 (9th Cir.1989).

At the initial appearance before the district judge, Van Krieken appeared without counsel. The district judge explained to Van Krieken his right to counsel and his right to have one provided at no cost if necessary. The district judge also apprised Van Krieken of the charges against him, the possible penalties, and the dangers of self-representation. It was explained that Van Krieken may have limited access to a law library and that the rules of evidence and criminal procedure would govern the trial.

The issue was raised again at the motions hearing and pretrial conference. In each instance, Van Krieken refused an attorney when the district judge explained the circumstances of why he needed an attorney or made a recommendation that he obtain one. Van Krieken specifically stated to the district judge, "I feel that you can't force me to get a lawyer that I don't want." The court responded: "I would definitely not force you to do that. That is entirely your choice.... I'm just giving you my strong recommendation, but it is nothing but a recommendation, because the choice is entirely yours." On more than one occasion the district judge made a sufficient inquiry about whether Van

---

1. At sentencing Van Krieken requested that the court appoint counsel. The court, relying on the financial information disclosed in the presentence report, appointed counsel for Van Krieken for the purposes of sentencing and appeal.

Krieken understood his right to counsel and concluded that he had waived that right knowingly, intelligently and voluntarily.

Van Krieken's waiver of his right to counsel was also unequivocal. Van Krieken repeatedly expressed to the court his desire to waive his right to counsel. When asked directly by the court if, "[i]t is your desire to give up your right to have a lawyer," Van Krieken answered "[y]es, ma'am." The record reflects that Van Krieken persisted in waiving his right "despite the trial court's having engaged him in extensive discussion about the dangers" of self-representation. *United States v. Robinson,* 913 F.2d 712, 714 (9th Cir.1990), *cert. denied,* 498 U.S. 1104, 111 S.Ct. 1006, 112 L.Ed.2d 1089 (1991). After the court's explanation, Van Krieken stated, "I still want to represent myself." Van Krieken's waiver was not a "mere whim or caprice." *Id.* We therefore conclude that Van Krieken's waiver was unequivocal.

■ Van Krieken also contends that the waiver of his right to counsel is invalid because he was forced to choose between his right to counsel and right against self-incrimination. As discussed above, the issue of possible incrimination by completing a financial affidavit first arose before the magistrate judge at the initial appearance. The issue was never resolved because Van Krieken appeared with retained counsel. When Van Krieken appeared before the district judge without counsel, the district court determined that Van Krieken did not wish to be represented by counsel. Van Krieken argues that the record reflects his understanding that he would be required to incriminate himself in order to be represented by appointed counsel. We disagree.

It is clear that Van Krieken understood his right to counsel and was never forced to choose between his Fifth and Sixth Amendment rights. Moreover, the record reflects at one point that Van Krieken's difficulty in obtaining a public defender rested not in his unwillingness to complete a financial affidavit, but in a conflict over the defense he wished to present to the charges against him. Ultimately, both at the initial appearance and subsequent proceedings, Van Krieken knowingly, intelligently and voluntarily waived his right to counsel.

## III

■ Van Krieken next argues that the district court applied the incorrect guideline in determining the sentence upon conviction for corrupt interference with the administration of the tax laws in violation of 26 U.S.C. § 7212(a). Van Krieken contends that the district court erred in applying Guideline § 2J1.2(a), Obstruction of Justice, but rather should have applied Guideline § 2T1.5, Fraudulent Returns, Statements, or Other Documents. Interpretation of the Guidelines is reviewed de novo, and due deference is given to the district judge's application of the Guidelines to the facts. *United States v. Wilson,* 900 F.2d 1350, 1355 (9th Cir.1990).

Guideline § 2X5.1 instructs the sentencing court to determine the guideline most analogous to the offense conduct where there is no precise guideline applicable to the charged behavior. There is no specific guideline for a violation of 26 U.S.C. § 7212(a).

Van Krieken urges us to follow *United States v. Hanson,* 2 F.3d 942 (9th Cir.1993). In *Hanson,* the defendant also engaged in a redemption scheme and was convicted of corrupt interference with the administration of the tax laws, 26 U.S.C. § 7212(a). The Statutory Index to the Guidelines in effect at the time cross referenced § 7212(a) with guideline sections for aggravated and minor assault. The district court found, and we agreed, that the assault guidelines were inapplicable to the facts of that case. In compliance with the instructions to the Statutory Index, the district court turned to what it believed to be the most applicable guideline, § 2T1.9, Conspiracy to Impair, Impede or Defeat Tax. Finding that there was no conspiracy, we reversed and determined that the most applicable guideline to Hanson's conduct was § 2T1.5, Fraudulent Returns, Statements, or Other Documents.

Here, the Statutory Index of the Guidelines in effect at the time of the offense also identifies the assault guidelines as analogous to violations of § 7212(a). Relying on *Hanson,* Van Krieken argues that for violations of § 7212(a), the most analogous and appropriate guideline is § 2T1.5. In determining the applicable guideline, however, the com-

mentary to § 1B1.2 provides "[w]hen a particular statute proscribes a variety of conduct that might constitute the subject of different offense guidelines, the court will determine which guideline section applies based upon the nature of the offense charged in the count of which the defendant was convicted." U.S.S.G. § 1B1.2 cmt. The district judge is therefore not precluded from concluding that a guideline other than § 2T1.5 is more applicable to the offense conduct in this case. Specifically, the district judge determined that § 2J1.2, Obstruction of Justice, was the most analogous guideline to the offense conduct. The commentary to the Guideline indicates that obstructing a civil or administrative proceeding or evading legal process is considered obstruction of justice under the Guideline. Unlike *Hanson*, Van Krieken's behavior of filing false Forms 1099, filing false returns and seeking a tax levy on innocent taxpayers, as well as filing a groundless lawsuit and police theft report could be considered on par with obstruction of justice. Accordingly, we hold that the district court correctly concluded that in this instance the most applicable guideline to the offense conduct was obstruction of justice.[2]

### IV

Van Krieken's waiver of his Sixth Amendment right to counsel was knowing, intelligent and voluntary. The district judge correctly applied the applicable guideline when sentence was imposed on count four.

**AFFIRMED.**

---

Brian BARLOW, Plaintiff–Appellant,

v.

George GROUND, Officer # 9129; L.O. Oberlies, Officer # 1706; A. Tucker, Officer # 9363; Ray Shay, Officer # 3269, et al., Defendants–Appellees.

No. 93–55339.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 1994.

Decided Nov. 3, 1994.

---

**2.** The district court also correctly noted that the Statutory Index to the Guidelines was amended subsequent to Van Krieken's offense conduct, although prior to sentencing, to cross reference the sentencing judge to Guideline §§ 2J1.2 or 2T1.1 for violations of § 7212(a). Generally, a district judge applies the Guidelines in effect at time of sentencing unless amended versions of the Guidelines are ex post facto. *United States v. Warren*, 980 F.2d 1300, 1304 (9th Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993). As this court has recognized, however, "[t]he mere fact that the Guidelines have changed will not cause their application to vio-

late the Ex Post Facto Clause." *United States v. Johns*, 5 F.3d 1267, 1270 (9th Cir.1993). Rather, "there can be no *ex post facto* problem if an amendment to the Guidelines merely clarifies its existing substance as opposed to changing its substance." *Id.* at 1269 (citations omitted).

The Statutory Index is characterized "as an interpretative aid." *United States v. Cambra*, 933 F.2d 752, 755 (9th Cir.1991). Specifically, "[r]ather than establishing immutably the exclusive list of available offenses for given offenses, the Index merely points the court in the right direction." *Id.* at 755. Considered in that light, the amendment to the Index can be considered

George Weingarten, San Diego, CA, for plaintiff-appellant.

James M. Chapin, Deputy City Atty., San Diego, CA, for defendants-appellees.

Before: WALLACE, Chief Judge, REINHARDT, Circuit Judge, and TANNER,* District Judge.

---

merely clarifying and therefore applicable to Van Krieken. The Statutory Index, however, still requires the district judge to determine the most applicable guideline to the offense conduct where more than one guideline is identified.

The district judge properly did so in this instance.