**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Wallace ROBERSON, Defendant–**
**Appellant.**

No. 99–10455.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

Wallace Roberson appeals the 51–month sentence imposed after a jury convicted

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

him of conspiracy and false claims against the government in violation of 18 U.S.C. §§ 2 and 286–287. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the sentencing guidelines and give due deference to its application of the guidelines to the facts. *United States v. Van Krieken*, 39 F.3d 227, 230 (9th Cir.1994). We affirm.

■ Roberson contends that the district court erred by using the sentencing guideline for fraud and deceit, U.S.S.G. § 2F1.1 (1992), rather than the guideline for tax-related offenses, U.S.S.G. § 2T1.4 (1992). We disagree. "When a particular statute proscribes a variety of conduct that might constitute the subject of different offense guidelines, the court will determine which guideline section applies based upon the nature of the offense conduct charged in the count of which the defendant was convicted." U.S.S.G. § 1B1.2, cmt n. 1 (1992). Here, the court properly applied U.S.S.G. § 2F1.1 (1992) because Roberson was charged with conspiracy and false claims against the government. *See* U.S.S.G. Appx. A (1992) (§ 2F1.1 applies to 18 U.S.C. §§ 286–287); *e.g., Van Krieken*, 39 F.3d at 231 (approving use of obstruction of justice guideline for defendant convicted of corrupt interference with the administration of tax laws).

■ Roberson also challenges a four-level upward adjustment pursuant to U.S.S.G. § 3B1.1 for being a leader or organizer. The district court did not clearly err in concluding that Roberson was an organizer or leader for sentencing purposes based on witness testimony that Roberson knew how to carry out the scheme, was the source of the fraudulent

W–2 forms, received the largest cut of the money received, and instructed others on how to carry out the scheme. *See United States v. Avila*, 95 F.3d 887, 889 (9th Cir. 1996).

We do not consider Roberson's contention that the court incorrectly calculated the loss for sentencing purposes because defense counsel stated at the sentencing hearing that she did not object to inclusion of losses established by witness testimony at trial. *See United States v. Hernandez–Ramirez*, 254 F.3d 841, 845 (9th Cir.2001) (challenge to sentencing calculation not raised with the district court waived).

**AFFIRMED.**