UNITED STATES of America,
Plaintiff—Appellee,

v.

Leonard MOLESWORTH, Defendant—
Appellant.

No. 05–30630.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 25, 2006.*

Decided Aug. 18, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, WARDLAW, and FISHER, Circuit Judges.

MEMORANDUM **

Molesworth appeals from his conviction and sentence for one count of corruptly endeavoring to obstruct the Internal Revenue Service (IRS), in violation of 26 U.S.C. § 7212(a), and sixteen counts of filing false documents with the IRS, in violation of 26 U.S.C. § 7206(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm Moleworth's convictions, but vacate his sentence and remand.

Molesworth contends that the government constructively amended its indictment "[b]ecause the Superseding Indictment charges that other individuals were the recipients of the transactions, but the 8300 Forms indicated that Molesworth intended to claim that he was the recipient." We review this issue de novo. *United States v. Bhagat*, 436 F.3d 1140, 1145 (9th Cir.2006). "A constructive amendment exists if there is a complex of facts presented at trial distinctly different from those set forth in the indictment or if the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

proved." *Id.* (internal quotations, alteration, and punctuation omitted).

With respect to all counts of filing false documents, except counts nine and sixteen, the forms fraudulently filed by Molesworth listed his intended victim under both "Part I. Identity of Individual From Whom the Cash Was Received" and "Part IV. Business that Received Cash." The indictment therefore accurately charged that the intended victims were listed as the recipients of the transactions.

As to counts nine and sixteen, Molesworth submitted forms that listed himself as the recipient of the cash. For these counts, the indictment charged that Molesworth "falsely claim[ed] to have engaged in a cash transaction."

The indictment therefore accurately reflects the contents of the false documents that Molesworth filed with the IRS. The forms introduced at trial did not constructively amend the indictment. Furthermore, the issue of what Molesworth intended by these filings was one for the jury, which found against him.

■ Molesworth next argues that there was insufficient evidence to support the jury's finding on count one that he possessed the requisite fraudulent intent. We review de novo. *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.2004) (as amended). There is sufficient evidence to support a conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

The jury's verdict on count one is clearly supported by the evidence. First, the government showed the eighteen instances where Molesworth signed 8300 forms, certifying them as "true, correct and complete." He did so even after being told that the forms were invalid. Second, the individuals named in the forms testified no such transactions ever occurred. Third, the government produced evidence that Molesworth tried to obtain cash out of the "pool" of money that he believed he had created by filing the fraudulent 8300 forms. The amount of money that Molesworth attempt to withdraw is far in excess of what he could have believed he was "entitled" to, and is evidence of fraudulent intent.

A reasonable jury could have concluded that the alleged transactions never took place, and that Molesworth knew this, but nonetheless filed forms stating that they had. His attempts to obtain $1,007,500 based upon fictitious transactions provide additional evidence that Molesworth possessed the requisite fraudulent intent.

While Molesworth argues that he believed the transactions were legitimate based upon his understanding of Redemption Theory, the jury had sufficient evidence to conclude otherwise.

Molesworth also asserts several challenges to his sentence. "[A]fter *Booker*, we continue to review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of a case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cantrell*, 433 F.3d 1269, 1279 (9th Cir.2006) (internal quotations, citation, and alteration omitted). If we "conclude that the district court committed no error in applying the Guidelines, we will next consider challenges to the reasonableness of the overall sentence in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range." *Id.* at 1280.

■ Molesworth first argues that the district court erred in applying U.S.S.G. § 2J1.2, relating to obstruction of justice, to his conviction on count one. This argument is foreclosed by *United States v. Koff*, 43 F.3d 417 (9th Cir.1994), and *United States v. Van Krieken*, 39 F.3d 227 (9th Cir.1994). *Van Krieken* also involved the filing of fraudulent tax forms under Redemption Theory, and "Van Krieken used Forms 1099 and 1096 to falsely indicate that compensation was paid to targets of the scheme." *Id.* at 228. We concluded that "filing false Forms 1099, filing false returns and seeking a tax levy on innocent taxpayers ... could be considered on par with obstruction of justice." *Id.* at 231.

Although Molesworth tries to distinguish *Van Krieken* on the basis that "[h]e did not use these forms as a way to claim an improper refund," he twice tried to access the "pool" of money he thought he was creating. The district court therefore correctly applied section 2J1.2 to count one.

Molesworth next argues that the district court clearly erred in finding that the intended loss amount was the total value of all of the fraudulent forms. Molesworth twice tried to access the money he thought his scheme was creating: once for $7,250.00, and once for $1,000,000. Molesworth therefore intended at least $1,007,250.00 of loss.

It is also quite plausible that Molesworth would have attempted to withdraw all of the money he believed he was creating, especially if the previous attempts had been successful or if the government had not charged him when it did. We have made it clear that the intended losses need not be realistic or probable. *See, e.g., United States v. Robinson*, 94 F.3d 1325, 1328 (9th Cir.1996). Thus, the district court's factual determination that the intended loss was the whole value of the "pool" is not clearly erroneous.

■ Molesworth also contends that the district court erred by denying him a downward adjustment for acceptance of responsibility. "[W]hether a defendant has accepted responsibility is a factual determination reviewed for clear error." *Cantrell*, 433 F.3d at 1284 (internal quotations and citation omitted). "In rare situations a defendant may [qualify] ... even though he exercises his constitutional right to a trial." U.S.S.G. § 3E1.1 n. 2.

Molesworth has never accepted responsibility for his fraudulent intent. At sentencing before the district court, as well as in the present appeal, Molesworth has continued to assert that he believed his filings with the IRS were lawful.

Molesworth has also attempted to minimize his culpability. In his interview with a probation officer in connection with the Presentence Report, Molesworth argued that he was complying with the advice of an IRS agent whom Molesworth called. That IRS agent was not told that the transactions at issue never actually took place, however, or that the filings were based upon Redemption Theory. At sentencing, Molesworth also argued that his belief in the validity of his actions was justified because he was only told that his filings were "not valid," rather than "illegal."

There is also evidence that Molesworth repudiated the Redemption Theory and told many individuals about the potential dangers of relying upon it. Nevertheless, in light of Molesworth's continued failure to take responsibility for his fraudulent intent (as found by the jury) and repeated efforts to minimize his culpability, we conclude that the district court did not clearly err in denying a downward adjustment for acceptance of responsibility.

■ Molesworth also argues that the district court "placed undue emphasis on the Guidelines" and "treated the Guideline calculation as the presumptive sentence," in violation of *United States v. Zavala*, 443 F.3d 1165 (9th Cir.2006) (per curiam). The district court clearly understood that the Guidelines were not mandatory. The court stated that while the presentence report was bound to apply the Guidelines in making its determinations, "that does not bind the Court's hands." The district court's discussion of the relevant factors reveals significant consideration of the other 18 U.S.C. § 3553(a) factors and no undue reliance on the Guidelines as a presumptive sentence. Moreover, the district court departed downward nine levels in sentencing Molesworth. Therefore, there is no error under *Zavala*.

■ Finally, Molesworth contends that the district court impermissibly relied upon his inability to pay a fine in imposing a higher sentence. If this were correct, it would constitute error, and possibly plain error. *See United States v. Chastain*, 84 F.3d 321, 324 (9th Cir.1996); *United States v. Estrada de Castillo*, 549 F.2d 583, 584 (9th Cir.1976) ("If, under the sentence imposed, the defendant, because of her financial inability to pay a fine, will be imprisoned longer than someone who had the ability to pay the fine, then the sentence is invalid . . . ."); *see also* U.S.S.G. § 5H1.10; 28 U.S.C. § 994(d).

On the present record, we cannot determine if the district court actually relied upon this factor. While the district court stated, "You obviously do not have the means of paying a high fine, so I am perfectly comfortable with 12 months and one day," it also stated *"I possibly would have felt I would have departed* even fur-ther if there was some way that you could afford to pay the costs of litigation." This language is equivocal and leaves us uncertain as to the district court's rationale.

We therefore vacate Molesworth's sentence and remand for further proceedings. If the district court did not rely on Molesworth's inability to pay a fine, it may reinstate its original sentence. If it did rely on this factor, it shall resentence Molesworth without taking it into account.

Because we are vacating Molesworth's sentence, we do not reach his argument that his sentence was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**CONVICTION AFFIRMED. SENTENCE VACATED. REMANDED.**