**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50077 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-05772-AJB-1 |
| v. |  |
| SERVANDO ORTUNO-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted February 6, 2014
Pasadena, California

Before: SCHROEDER and CLIFTON, Circuit Judges, and COGAN, District
Judge.[**]

Defendant Servando Ortuno-Garcia appeals his jury conviction of being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326. We

affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Brian M. Cogan, United States District Judge for the
Eastern District of New York, sitting by designation.

Ortuno-Garcia argues that his *Faretta* waiver was not knowing and intelligent and that it was not unequivocal. *See Faretta v. California,* 422 U.S. 806, 818-21 (1975) (defendant may waive right to counsel); *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (waiver must be knowing and intelligent); *United States v. Farhad,* 190 F.3d 1097, 1100 (9th Cir. 1999) (waiver must be unequivocal). We disagree.

Perfect comprehension of each element of a criminal charge is not necessary to a finding of a knowing and intelligent waiver. *United States v. Robinson*, 913 F.2d 712, 715 (9th Cir. 1990). While Ortuno-Garcia may not have had perfect comprehension of the charges he faced, he knew enough to make a knowing and intelligent waiver of his right to counsel. On the whole, the record shows that his statements "reflect more a disagreement with the charges as they related to him, than a misunderstanding of the charges themselves." *Id*. We conclude, therefore, that the waiver was knowing and intelligent.

We consider a waiver unequivocal where the defendant repeatedly expresses to the court his desire to waive his right to counsel; in other words, where it is not "mere whim or caprice." *United States v. Van Krieken,* 39 F.3d 227, 230 (9th Cir. 1994). Ortuno-Garcia's repeated eschewing of assistance of counsel demonstrates that the waiver he gave during his *Faretta* hearing was unequivocal.

2

Ortuno-Garcia further argues that even if waiver was knowing and intelligent, it was nullified by his subsequent performance at trial. Technical legal knowledge is not relevant to the determination of whether a defendant is competent to waive his right to counsel. *Faretta*, 422 U.S. at 835. Indeed, Supreme Court precedent explicitly forbids any attempt to measure a defendant's competency to waive the right to counsel by evaluating his ability to represent himself. *Godinez v. Moran*, 509 U.S. 389, 399-400 (1993).

We agree that the district court should not have met separately with the prosecutor at sidebar after Ortuno-Garcia declined to have standby counsel participate on his behalf. Even if that was error, however, it was not a "structural error" requiring automatic reversal. *See Washington v. Recuenco*, 548 U.S. 212, 218 n.2 (2006) (listing the "rare cases" that constitute structural error). The exclusion of a criminal defendant from even a "critical stage" of his criminal trial is an error subject to harmless error review. *Campbell v. Rice*, 408 F.3d 1166, 1172 (9th Cir. 2005) (en banc). Ortuno-Garcia has not argued that he was actually prejudiced by his absence, and our review of the discussion at sidebar confirms that he was not.

Lastly, Ortuno-Garcia argues for the first time on appeal that the evidence of his prior convictions should not have been admitted under Fed. R. Evid.

3

609(a)(1)(B). Admitting a sanitized version of Ortuno-Garcia's prior convictions for impeachment purposes only is unlikely to have affected the outcome of the proceedings. If indeed there was error, it was not plain error because it did not impact Ortuno-Garcia's substantial rights. *See* Fed. R. Crim. P. 52(b) (review is for plain error); *United States v. Olano*, 507 U.S. 725, 731-32 (1993) (to establish plain error, a defendant must show it affected his substantial rights); *United States v. Fuchs*, 218 F.3d 957, 962 (9th Cir. 2000) (error prejudices substantial rights of a defendant when it affects the outcome of the proceedings).

**AFFIRMED**.