**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

STEVEN FRANK BOITANO,
*Defendant-Appellant*.

No. 14-10139

D.C. No.
5:11-cr-00585-EJD-1

OPINION

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted
June 12, 2015—San Francisco, California

Filed August 12, 2015

Before: Mary M. Schroeder, Sandra S. Ikuta,
and Morgan Christen, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[*]

### Criminal Law

The panel reversed convictions for three felony counts of making a false statement under penalty of perjury on personal income tax returns in violation of 26 U.S.C. § 7206(1).

The panel held that the convictions must be reversed because circuit precedent establishes that "filing" is an element of a conviction under § 7206(1), and the government now concedes that the record does not support that the returns were filed.

### COUNSEL

David M. Kirsch (argued), Law Office of David M. Kirsch, San Jose, California; and Charles M. Sevilla (argued), Law Office of Charles Sevilla, San Diego, California, for Defendant-Appellant.

Anne M. Voigts (argued), Assistant United States Attorney, Barbara J. Valliere, Chief, Appellate Division, and Melinda Haag, United States Attorney, San Francisco, California, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CHRISTEN, Circuit Judge:

Steven Boitano appeals his jury convictions for three felony counts of making a false statement under penalty of perjury on personal income tax returns in violation of 26 U.S.C. § 7206(1). We have jurisdiction under 28 U.S.C. § 1291 and we reverse Boitano's felony convictions.

**BACKGROUND**

During the period relevant to this appeal, Boitano was a partner in Boitano, Sargent & Lilly, an accounting firm. His responsibilities included preparing tax returns and representing clients during IRS audits, but Boitano did not file his own income tax returns for the years 1991 to 2007. The IRS undertook an examination in 1992/1993 and in 2004. Boitano still did not file any returns, and his case was referred to the IRS's Special Enforcement Program.

In June 2009, Special Enforcement Program Agent Nick Connors requested a meeting with Boitano regarding his failure to file returns for 2001 through 2007. Connors and Boitano ultimately met three times. During the third meeting, Boitano handed Connors income tax returns for 2001, 2002, and 2003. The returns were signed under penalty of perjury by Boitano and his wife. Connors stamped the first page of the returns "Internal Revenue Service, SB/SE - Compliance Field, Sep 04, 2009, Area 7, San Francisco, CA," and hand wrote "delinquent return secured by exam" on the first page of each. Per Boitano's request, Connors copied the first page of the returns and gave the copies to Boitano as receipts.

The returns Boitano handed to Connors reported "estimated tax payments" that had not been made. The 2001 return reported a $26,000 payment, the 2002 return reported a $38,000 payment, and the 2003 return reported a $57,000 payment. In fact, the government calculated that Boitano owed the IRS $52,953.80 for 2001, $72,797.00 for 2002, and $104,545.94 for 2003.

Agent Connors quickly realized that the IRS did not have record of receiving the claimed estimated tax payments. Therefore, instead of sending the returns to the IRS service center for processing, he confronted Boitano with the discrepancy. According to Connors, Boitano "physically got a little pale and said that he was not sure why there [were] differences." Soon thereafter, Connors sent Boitano a letter asking that he substantiate the estimated tax payments, or, if those estimates were not correct, that he identify the correct estimated amounts with "a written statement dated and signed explaining in detail why you believed the estimated payments to be the amounts reported on the delinquent returns filed on 9/4/09." Boitano never responded.

Boitano was indicted and charged with three counts of making false statements under 26 U.S.C. § 7206(1). Section 7206(1) establishes that it is a felony for any person to "[w]illfully make[] and subscribe[] any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter." Boitano was also charged with three misdemeanor counts of failure to file taxes under 26 U.S.C. § 7203. He pleaded guilty to the three misdemeanors, but

proceeded to trial on the felony charges.[1]

Boitano argued at trial that filing is an essential element of § 7206(1) and that his act of handing the returns to Agent Connors did not constitute "filing" within the applicable IRS statute and regulations. The government agreed that filing is an element of the charged offense, but argued the filing element was satisfied by the uncontradicted evidence showing that Boitano handed fraudulent returns to Agent Connors. The district court agreed with the government. Over objection, Connors was permitted to testify that Boitano "filed 2001, 2002, and 2003 delinquent tax returns with me." Connors provided additional foundational testimony that the IRS "treat[ed] the[] returns as having been filed" on September 4, 2009, the day Boitano handed them to Connors.

The court instructed the jury that in order to convict Boitano, it had to find beyond a reasonable doubt:

> First, the defendant made and signed a tax return for the years 2001, 2002 or 2003 that he knew contained false information as to a material matter;

> Second, the return contained a written declaration that it was being signed subject to the penalties of perjury; and

> Third, in filing the false tax return, the defendant acted willfully.

The court did not define "filing" for the jury.

---

[1] The misdemeanor convictions are not at issue in this appeal.

After Boitano was found guilty on the three felony counts, he moved for acquittal or a new trial on the basis that the evidence did not show his returns had been filed. The district court denied the motion, ruling that Boitano "brought these returns and handed them to the agent for the purpose of filing and then waited for the stamps to be stamped on them."

The district court sentenced Boitano to 5 months' imprisonment on each of the misdemeanor convictions, to run concurrently, and 36 months' imprisonment on each of the felony convictions, also to run concurrently. The 5-month and 36-month periods were to run consecutively. Boitano timely appealed. He has served his prison term for the misdemeanor convictions and is free on bail pending the resolution of this appeal.

## STANDARD OF REVIEW

Challenges to the sufficiency of the evidence are reviewed de novo. *United States v. Stewart*, 420 F.3d 1007, 1014 (9th Cir. 2005). We ask whether, viewing the evidence in the light most favorable to the government, "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (internal quotation marks omitted).

## DISCUSSION

Boitano's opening appellate brief reiterates the position he argued unsuccessfully in the district court—that the evidence did not show the subject returns were "filed" within the meaning of the applicable IRS statutes and regulations

when he handed them to Agent Connors.**²**  The government's response brief takes an unusual twist.  Reversing its prior position, the government now concedes that "there is a single definition of 'filing' that applies in both the civil and criminal context," and that "the record does not support that the returns here were filed."  The government agrees with Boitano that Connors's testimony that the returns were "filed" when Boitano handed them to him was incorrect.  The government's new argument is that filing is not an element of the charged offense because, "by its own terms, [§] 7206(1) does not require the government to prove 'filing' as defined by the IRS regulations to establish a violation of the statute." The government reasons, "under a correct understanding of Section 7206(1), [Boitano's] actions violated the statute by his completing a return, signing it, *and taking actions by which he gave up any right of self-correction.*"  (Emphasis added.)  Notably, the government concedes that if it had to prove the returns were filed within the meaning of the IRS regulations, then Boitano's convictions must be reversed. Binding precedent supports Boitano's position.

Our court has long held that "filing" is an element of a § 7206(1) violation.  In *United States v. Hanson*, we affirmed a conviction for making false statements in violation of § 7206(1) where the defendant "fil[ed] false IRS forms that reported payments [defendant] had never made and claimed a tax refund [defendant] was not due." 2 F.3d 942, 944 (9th Cir. 1993).  In so ruling, we stated that "[t]o prove a violation of § 7206(1), making false statements, the government must

---

**²** The government asserts that under 26 U.S.C. § 6091(b)(4) and 26 C.F.R. § 1.6091-2, returns are deemed filed if they are electronically filed, mailed to the appropriate IRS service center, or hand-delivered to an agent authorized to receive them.

prove that the defendant (1) filed a return, statement, or other document that was false as to a material matter . . . ."**[3]** *Id.* at 945.

The government cites numerous reasons for its new contention that § 7206(1) does not require filing, but it offers no intervening authority for its argument that it should only be required to show that Boitano gave up the right of self-correction. It argues: (1) the statute, by its own terms, does not require proof of filing; (2) the Supreme Court has not identified filing as an element of the offense; (3) interpreting the statute not to require filing makes sense because the statute is not limited in its scope to tax returns; (4) the statute's legislative history does not establish that filing is an element of the offense; and (5) filing a document is one way, but not the only way, to satisfy the statute.

We are bound, however, by *Hanson*'s plain and explicit identification of "filing" as an element of a § 7206(1) offense. *Id.* ("To prove a violation of § 7206(1) . . . the government must prove that the defendant (1) filed a return. . . ."); *see also United States v. Tucker*, 133 F.3d 1208, 1218 (9th Cir. 1998). The government's argument that this language is either unnecessary to the decision or is dictum is unpersuasive. Dictum is "an unnecessary statement in a published opinion that is not the result of reasoned consideration." *Sinotes-Cruz v. Gonzales*, 468 F.3d 1190,

---

**[3]** The Ninth Circuit's pattern jury instructions, which were used here, reflect this rule: "In order for the defendant to be found guilty of [violating 26 U.S.C. § 7206(1)], the government must prove each of the following elements beyond a reasonable doubt: . . . Third, in filing the false tax return, the defendant acted willfully." *See* Ninth Circuit Pattern Criminal Jury Instruction § 9.39.

1203 (9th Cir. 2006) (internal quotation marks omitted); *see also United States v. Johnson*, 256 F.3d 895, 914 (9th Cir. 2001) (en banc) ("We hold that . . . where a panel confronts an issue germane to the eventual resolution of the case, and resolves it after reasoned consideration in a published opinion, that ruling becomes the law of the circuit, regardless of whether doing so is necessary in some strict logical sense."). *Hanson*'s language reflects our court's reasoned consideration of a matter that was both germane to the case and necessary to the decision. Hanson specifically argued that his tax returns were not "filed" because the IRS never processed them. 2 F.3d at 946. The question on appeal was whether the evidence was sufficient to sustain the conviction. *See id.* at 945–46. We concluded it was because "[a] return is 'filed' at the time it is delivered to the IRS," and the government showed "that Hanson personally mailed the forms and that the IRS received them." *Id.* at 946.

Even if we disagreed with *Hanson*'s itemization of a § 7206(1) offense's elements, as a three-judge panel we are bound by prior panel opinions and can only reexamine them when "the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). There is no such intervening authority here. The government argues that a Supreme Court case that preceded *Hanson*, *United States v. Bishop*, 412 U.S. 346 (1973), indicates that the Court has not included filing as an element of a § 7206(1) offense. But in *Bishop*, filing was not contested. *See id.* at 350 ("The incorrectness of the returns as filed . . . was not disputed at trial."). We know of no Supreme Court case holding that "filing" is *not* a required element under § 7206(1).

In sum, because circuit precedent establishes that "filing" is an element of a conviction under § 7206(1), and the government now concedes "the record does not support that the returns here were filed," Boitano's felony convictions must be reversed.[4]

## CONCLUSION

We reverse Boitano's convictions for three felony counts of making a false statement under penalty of perjury on personal income tax returns in violation of 26 U.S.C. § 7206(1).

**REVERSED.**

---

[4] Because we reverse Boitano's convictions on this ground, we decline to address his remaining arguments.