NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>CARMEN MOSAD CALIEG BARNETT,<br><br>        Defendant-Appellee. | No.    18-30253<br><br>D.C. No. 3:18-cr-05016-RBL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 12, 2019[**]
Seattle, Washington

Before:  HAWKINS and McKEOWN, Circuit Judges, and PRATT, District Judge[***]

Carmen Barnett pled guilty to possessing and accessing with intent to view

child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).  The Government

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

appeals the district court's finding that Barnett's prior state conviction for third-degree rape of a child in violation of Washington Revised Code § 9A.44.079 does not constitute a predicate offense triggering the ten-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(2). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(b), and we reverse and remand for resentencing.

The Government preserved its objection to Barnett's sentence. Though it did not object to the Presentence Investigation Report, the Government maintained both in its sentencing memorandum and at sentencing that Barnett was subject to § 2252(b)(2)'s ten-year mandatory minimum sentence. Therefore, we may hear its appeal. *See United States v. Hammond*, 742 F.3d 880, 884 (9th Cir. 2014) (Government's arguments to apply mandatory minimum sentence in sentencing memorandum and at sentencing sufficient to preserve issue on appeal).

The district court erred in refusing to impose the ten-year mandatory minimum sentence here. Indeed, Barnett now agrees that we are bound by *United States v. Sullivan*, 797 F.3d 623 (9th Cir. 2015), which, he further concedes, concerned two California statutes bearing no material distinction from the Washington statute under which he was convicted. He nevertheless contends that *Sullivan* was wrongly decided—apparently to preserve the issue for further review.

We are, of course, bound by *Sullivan*. *United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) (circuit precedent reversible only en banc). We accordingly reverse.

**REVERSED and REMANDED for RESENTENCING.**