**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-30108 |
| Plaintiff-Appellee, | D.C. No. 2:18-CR-00174-TOR-1 |
| v. | |
| REFUGIO AGUSTIN-PINEDA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

Refugio Agustin-Pineda appeals from the district court's judgment and challenges his guilty-plea conviction for being an alien in the United States after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Agustin-Pineda contends that the immigration judge lacked jurisdiction to issue the removal order underlying his conviction, and therefore that the district court should have granted his motion to dismiss the indictment. We review de novo the denial of a motion to dismiss an indictment based on alleged due process defects in the underlying deportation proceeding. *See United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

As Agustin-Pineda concedes, his argument that the lack of a time and date on his Notice to Appear divested the immigration judge of jurisdiction over his underlying removal proceedings is foreclosed by our opinion in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020). Notwithstanding Agustin-Pineda's assertion that *Karingithi* was wrongly decided, it controls our decision here. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) ("[A]s a three-judge panel we are bound by prior panel opinions and can only reexamine them when the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." (internal quotation marks omitted)). Accordingly, the district court did not err in denying the motion to dismiss the indictment.

**AFFIRMED.**

19-30108