NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 25 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-16274 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 2:17-cv-01857-MCE-AC |
| | 2:03-cr-00104-MCE-AC-1 |
| CY IRVING BROWN, | |
| | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Cy Irving Brown appeals from the district court's judgment denying his 28

U.S.C. § 2255 motion.  We have jurisdiction under 28 U.S.C. § 2253.  Reviewing

de novo, *see United States v. Reves*, 774 F.3d 562, 564 (9th Cir. 2014), we affirm.

Brown contends that armed bank robbery, in violation of 18 U.S.C.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 2113(a) and (d), is not a crime of violence for purposes of 18 U.S.C. § 924(c)(3).

As Brown acknowledges, this argument is foreclosed by our precedent. *See United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018) (federal armed bank robbery is categorically a crime of violence under § 924(c)(3)(A)). Notwithstanding Brown's assertion that *Watson* was wrongly decided, *Watson* controls the outcome of this appeal. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) ("[A]s a three-judge panel we are bound by prior panel opinions and can only reexamine them when the reasoning or theory of our prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority." (internal quotation marks omitted)).[1]

    **AFFIRMED.**

---

[1] We do not reach Brown's argument that *Watson* is clearly irreconcilable with *Stokeling v. United States*, 139 S. Ct. 544 (2019), because he waived that argument by raising it for the first time in the reply brief. *See United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir. 2000).