**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16763 |
| Plaintiff-Appellee, | D.C. Nos. 1:16-cv-01945-LJO |
| v. | 1:07-cr-00156-LJO-2 |
| JORDAN HUFF, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 18, 2022[**]
Pasadena, California

Before:  LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Movant Jordan Huff ("Huff") appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 18 U.S.C. § 924(c) convictions and sentences. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a § 2255 motion, and we review the district court's factual findings for clear error. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000).

1.    We do not reach the government's argument that we should dismiss in part the certificate of appealability ("COA") as improvidently granted. *See Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004) ("[M]erits panels are not required to examine allegedly defective COAs in the face of jurisdictional challenges.").

2.    It is apparent from the record that Huff's § 924(c) convictions are predicated on Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. But Huff contends that, after *United States v. Davis*, 139 S. Ct. 2319 (2019), his Hobbs Act robbery convictions are invalid predicate crimes of violence for a § 924(c) conviction because they are based on either a *Pinkerton* or an aiding-and-abetting theory of liability. This argument is foreclosed by our precedents. *See Young v. United States*, 22 F.4th 1115, 1122-23 (9th Cir. 2022) (explaining that "there is no distinction between aiding-and-abetting liability and liability as a principal under federal law[,]" and holding that "aiding and abetting a crime of violence, such as

armed bank robbery, is also a crime of violence"); *United States v. Henry*, 984 F.3d 1343, 1355-56 (9th Cir. 2021) (rejecting argument that § 924(c) conviction was invalid if predicate offense was based on *Pinkerton* liability).

*Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion), is not clearly irreconcilable with these binding precedents. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) (recognizing that three-judge panel may not overrule a prior panel opinion absent clearly irreconcilable, intervening higher authority). In *Borden* the Court held that a criminal offense that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" under the force (or elements) clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 141 S. Ct. at 1821-22, 1834. But the Court did not address whether § 924(c) convictions can be predicated on crime-of-violence convictions that are based on a *Pinkerton* or an aiding-and-abetting theory of liability. The Court explicitly stated in *Borden* that it was not addressing accessory liability. *Id.* at 1823 n.3 (stating that the Court had "no occasion to address" inchoate crimes, such as conspiracy, or aiding-and-abetting liability). Regardless, *Borden* confirmed preexisting Ninth Circuit precedent that mere recklessness is not sufficient under the force clause, *United States v. Grajeda*, 581 F.3d 1186, 1191 (9th Cir. 2009), and Hobbs Act robbery in all events requires a

- 3 -

greater *mens rea* than recklessness, *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

3.     Huff has also briefed the uncertified issue of whether, after *Davis*, Hobbs Act robbery—committed as a principal—is a valid predicate crime of violence for a § 924(c) conviction.  Construing this argument as a motion to expand the COA, *see* Ninth Cir. R. 22-1(e); *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012), we deny the motion because Huff has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Dominguez*, 954 F.3d at 1260-61 (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)).[1]

Because Hobbs Act robbery is a crime of violence, regardless of the theory of liability that Huff's convictions are based on, we affirm the district court's denial of Huff's § 2255 motion.

**AFFIRMED**.

---

[1]     We therefore have no need to reach the government's argument that Huff procedurally defaulted his claims.