**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-16764 |
| Plaintiff-Appellee, | D.C. Nos. 1:17-cv-00360-LJO |
| v. | 1:07-cr-00156-LJO-1 |
| MARCUS MAJOR, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 18, 2022[**]
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Marcus Major ("Major") appeals the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 18 U.S.C. § 924(c) convictions and sentences. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

We review de novo the district court's denial of a § 2255 motion, and we review the district court's factual findings for clear error. *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000).

1. We do not reach the government's argument that we should dismiss in part the certificate of appealability ("COA") as improvidently granted. *See Phelps v. Alameda*, 366 F.3d 722, 726 (9th Cir. 2004) ("[M]erits panels are not required to examine allegedly defective COAs in the face of jurisdictional challenges.").

2. It is apparent from the record that Major's § 924(c) convictions are predicated on Hobbs Act robbery, not conspiracy to commit Hobbs Act robbery. But Major contends that, after *United States v. Davis*, 139 S. Ct. 2319 (2019), his Hobbs Act robbery convictions are invalid predicate crimes of violence for a § 924(c) conviction because they are based on either a *Pinkerton* or an aiding-and-abetting theory of liability. This argument is foreclosed by our precedents. *See Young v. United States*, 22 F.4th 1115, 1122-23 (9th Cir. 2022) (explaining that "there is no distinction between aiding-and-abetting liability and liability as a principal under federal law[,]" and holding that "aiding and abetting a crime of violence, such as

armed bank robbery, is also a crime of violence"); *United States v. Henry*, 984 F.3d 1343, 1355-56 (9th Cir. 2021) (rejecting argument that § 924(c) conviction was invalid if predicate offense was based on *Pinkerton* liability).

*Borden v. United States*, 141 S. Ct. 1817 (2021) (plurality opinion), is not clearly irreconcilable with these binding precedents. *See United States v. Boitano*, 796 F.3d 1160, 1164 (9th Cir. 2015) (recognizing that three-judge panel may not overrule a prior panel opinion absent clearly irreconcilable, intervening higher authority). In *Borden* the Court held that a criminal offense that requires only a *mens rea* of recklessness cannot qualify as a "violent felony" under the force (or elements) clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 141 S. Ct. at 1821-22, 1834. But the Court did not address whether § 924(c) convictions can be predicated on crime-of-violence convictions that are based on a *Pinkerton* or an aiding-and-abetting theory of liability. The Court explicitly stated in *Borden* that it was not addressing accessory liability. *Id.* at 1823 n.3 (stating that the Court had "no occasion to address" inchoate crimes, such as conspiracy, or aiding-and-abetting liability).

3.      Major has also briefed the uncertified issue of whether after *Davis*, Hobbs Act robbery—committed as a principal—is a valid predicate crime of violence for a § 924(c) conviction. Construing this argument as a motion to expand the COA, *see*

Ninth Cir. R. 22-1(e); *Mardesich v. Cate*, 668 F.3d 1164, 1169 n.4 (9th Cir. 2012), we deny the motion because Major has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Dominguez*, 954 F.3d 1251, 1260-61 (9th Cir. 2020) (reaffirming that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)). Regardless, *Borden* confirmed preexisting Ninth Circuit precedent that mere recklessness is not sufficient under the force clause, *United States v. Grajeda*, 581 F.3d 1186, 1191 (9th Cir. 2009), and Hobbs Act robbery in all events requires a greater *mens rea* than recklessness, *Dominguez*, 954 F.3d at 1261.

Because Hobbs Act robbery is a crime of violence, regardless of the theory of liability that Major's convictions are based on, we affirm the district court's denial of Major's § 2255 motion.[1]

**AFFIRMED**.

---

[1] We therefore have no need to reach the government's argument that Major procedurally defaulted his claims.